UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MICHIGAN

In re:

AMY RUTH COZART-LUNDIN and,
ANDREA MARIE COZART-LUNDIN,

Case No. DK 22-02296
Hon. Scott W. Dales
Chapter 13

           Debtors.

_____/

MEMORANDUM OF DECISION AND ORDER

PRESENT:    HONORABLE SCOTT W. DALES
                  Chief United States Bankruptcy Judge

Lakeview Loan Servicing, LLC ("Lakeview") filed a motion for partial summary judgment (the "Motion," ECF No. 102) simply to establish the prepetition arrearage reflected in Proof of Claim No. 28-1, totaling $10,910.14, including past-due payments and fees, pursuant to the Debtors' residential mortgage loan, and to secure the benefit of the presumption that Bankruptcy Rule 3001(f) raises. The court's review of the docket established that *pro se* chapter 13 debtors Amy Cozart-Lundin and Andrea Cozart-Lundin ("Debtors") failed to respond to the Motion before the November 27, 2024 deadline as extended.[1] After reviewing the summary judgment record, the court granted the Motion in an Order dated December 2, 2024 (the "MSJ Order," ECF No. 111).

Two days later, the Debtors submitted their Response to LoanCare's Interrogatories and Supporting Written Statement (the "Motion to Reconsider," ECF No. 112), which included a request to reconsider the MSJ Order, together with Debtors' Response in Opposition to Creditor's Motion for Partial Summary Judgment (the "Response," ECF No. 113), both filed on

---

[1] The court extended the original, November 20, 2024, deadline, after a telephone hearing it initiated and after giving the Debtors notice of its intent to rule on the Motion as unopposed. When extending the deadline, the court balanced not just the Debtors' *pro se* status, but also the lender's compliance with the court's orders and rules, and more generally the judicial preference for resolving disputes on the merits.

December 4, 2024, according to the Clerk's usual timestamp. In support of reconsideration, they refer vaguely and euphemistically to a "Filing Discrepancy," stating (inconsistently) that their objection "was filed timely, but it was not received or recorded by the court." From the U.S. Postal Service Certified Mail Receipt included with the Response, the court infers that the Debtors intended to send their documents to the court, but instead used an incorrect address,[2] which may explain what they mean by "Filing Discrepancy."

Nevertheless, the MSJ Order is an interlocutory order and one regarding the allowance of Lakeview's claim, both qualities affording the court considerable discretion to revisit its decision. Fed. R. Bankr. P. 3008 (supplementing 11 U.S.C. § 502(j)); Fed. R. Civ. P. 54(b) (interlocutory orders subject to revision at any time); *see also Shapiro v. Woodberry (In re Woodberry)*, Adv. Pro. No. 18-4356, 2021 WL 623708, *4 (Bankr. E.D. Mich. Feb. 16, 2021) (recognizing court's discretion to revise interlocutory orders). Under the circumstances, the court will reconsider the MSJ Order, but after reconsideration, hew to the decision largely for the same reasons set forth therein.[3]

To defeat Lakeview's Motion, the Debtors must bear the burden of rebutting Lakeview's proof of claim. Fed. R. Bankr. P. 3001(f) (a proof of claim constitutes "prima facie evidence of the validity and amount of the claim"). The Debtors' Response, not supported by affidavit or solemn declaration, raises no genuine factual dispute about their creditor's calculation of its claim, relying on supposed servicing regulation errors that do not bear on the accuracy of the Debtors' payment

---

[2] The postal receipt lists the court's address as "125 Ottawa Ave., Suite 200, Grand Rapids, MI 49503," – the address for the Office of the United States Trustee – rather than the court's correct address (One Division Ave., N., Grand Rapids, MI 49503). The Debtors' filing error implicates Bankruptcy Rule 5005(c), but the record contains nothing from the United States Trustee suggesting that his office received the misdirected papers, and therefore no indication on the face of the documents of the date and time of any supposed receipt. It is impossible, therefore, for the court to exercise its discretion under the rule and treat the Response as timely "filed." *See generally* Fed. R. Bankr. P. 5005(c).

[3] The court is resolving the Motion to Reconsider without additional hearing or response from Lakeview because (i) the record permits such a resolution, and (ii) the expense associated with an additional response from Lakeview will almost certainly increase the Debtors' obligations to their creditor under the loan documents.

history and the creditor's allocation of payments. Moreover, the Debtors' Response generally relies on their own (former) counsel's missteps in communicating with Lakeview -- mistakes which they, not Lakeview, must shoulder. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 396-97, 113 S. Ct. 1489, 1499 (1993) ("each party is deemed bound by the acts of his lawyer-agent and is considered to have 'notice of all facts, notice of which can be charged upon the attorney'"). Although the video evidence included with the Response clearly reveals the Debtors' difficulty in communicating with Lakeview's servicing agents and the Debtors' fundamental misunderstanding about the relationship between the home loan and this bankruptcy,[4] it does not raise a factual issue about Lakeview's calculation of its claim. In addition, by revealing that the Debtors were still waiting to receive final documents after they made the September trial loan payment, the video tends to corroborate Lakeview's statement that it sent the documents to their counsel but did not receive signed copies in return. As noted above, the Debtors (and their counsel) must bear the consequences of counsel's missteps in connection with the loan modification or this bankruptcy under straightforward agency principles.

In short, viewed *de novo* through the lens of Rule 56, the Debtors raise no genuine issue of fact regarding Lakeview's calculation of its claim, and in the parlance of motions to reconsider, the court finds no clear legal error, no new evidence, no change in law, and no manifest injustice warranting a departure from the MSJ Order. *See In re Woodberry, supra.*

The court recognizes the difficulties the Debtors have encountered in representing themselves and has endeavored to apply the rules flexibly. Nevertheless, generalized grievances regarding alleged prepetition servicing errors, regardless of how often repeated, cannot defeat the

---

[4] For example, Andrea Cozart-Lundin at several points during the recording says that the Debtors did not intend to include their home or the Lakeview loan in their bankruptcy. Debtors do not get to choose what assets and liabilities to include in their bankruptcy cases.

evidentiary presumption under Bankruptcy Rule 3001(f). The court encourages the Debtors to work with their lender to resolve this dispute consensually and in a more cost-effective way.

NOW, THEREFORE, IT IS HEREBY ORDERED, the Debtors' Motion (to reconsider) is GRANTED, and upon reconsideration, the court ratifies the MSJ Order in all respects.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Memorandum of Decision and Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon the Debtors, Lakeview, the chapter 13 trustee, the United States Trustee, and Matthew Reinhardt, Esq.

END OF ORDER

**IT IS SO ORDERED.**

**Dated December 9, 2024**



Scott W. Dales
United States Bankruptcy Judge