UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MICHIGAN

In re:

AMY RUTH COZART-LUNDIN and,
ANDREA MARIE COZART-LUNDIN,

          Debtors.

_____/

Case No. DK 22-02296
Hon. Scott W. Dales
Chapter 13

MEMORANDUM OF DECISION AND ORDER

PRESENT:    HONORABLE SCOTT W. DALES
               Chief United States Bankruptcy Judge

## I.    INTRODUCTION

Since the court confirmed the chapter 13 plan of debtors Amy Ruth Cozart-Lundin and Andrea Marie Cozart-Lundin (the "Debtors") on February 13, 2023, the Debtors have persisted in challenging the claim and conduct of their mortgage creditor, Lakeview Loan Servicing, LLC, ("Lakeview") and its servicer, Loancare, LLC, ("Loancare").  In the present contested matter, which the Debtors initiated by filing their Objection to Proof of Claim Filed by Loancare, LLC (ECF No. 90, the "Objection"), the Debtors took aim at Lakeview's calculation of its claim, and asserted that Lakeview, or Loancare, violated the automatic stay, allegedly entitling them to damages under 11 U.S.C. § 362(k).[1]  In the Order dated December 2, 2024 (ECF No. 111), the court overruled the Objection to the extent it challenged Lakeview's proof of claim; today's opinion addresses the Debtors' remaining allegation that Lakeview violated the automatic stay.  In Lakeview's current summary judgment motion, its second in this contested matter,[2] the creditor argues that the record does not support the Debtors' contempt allegations relating to the automatic stay.

---

[1] References to "Bankruptcy Code" or to specific statutory sections are to 11 U.S.C. §§ 101-1532.  References to "Bankruptcy Rule" are to the Federal Rules of Bankruptcy Procedure.  References to "Rule" are to the Federal Rules of Civil Procedure.

[2] *See* Lakeview Loan Servicing, LLC' s Verified Motion for Partial Summary Judgment (ECF No. 127, the "Second Motion").

The court has carefully considered the parties' filings and finds that oral argument would only increase the parties' costs without offering any meaningful benefit in resolving their dispute. For the following reasons, the court will grant the Second Motion.

## II.   JURISDICTION & AUTHORITY

The court has jurisdiction over the Debtors' chapter 13 case under 28 U.S.C. § 1334(a) and the reference from the United States District Court under 28 U.S.C. § 157(a).  *See* W.D. Mich. LGenR 3.1.  The contested matter arising from the Objection is a "core proceeding" under 28 U.S.C. § 157(b)(2)(A), (B), and (O).  In essence, the Debtors invoke the court's contempt power to enforce the automatic stay and assert a remedy "arising under" title 11 (§ 362(k)) and in a case under that title.  The court unquestionably has authority to resolve the Objection, including the Debtors' contempt allegation, and neither party has suggested otherwise.

## III.   ANALYSIS

In their Objection, in addition to challenging Lakeview's proof of claim, they contend, albeit generally, that Lakeview "continued to harass Debtors during the loan modification process and even beyond the bankruptcy filing, which added undue stress and financial strain during an already difficult period."  Objection at ¶ 2(e).  They sought compensation for the supposed harassment.[3]  Because the Debtors are proceeding without the benefit of counsel, the court construed the Objection generously as raising issues under § 362, including § 362(k).  *See* Pretrial Order in Contested Matter (ECF No. 95) at p. 2.

In Lakeview's Second Motion, premised on Rule 56 and supported with the affidavit of Loancare's Steven Scott, the creditor contends that the Debtors can offer no evidence in support of their allegations.

The standards governing motions for summary judgment are well-settled, and have been largely established since the trilogy of Supreme Court cases in 1986 -- *Celotex*, *Matsushita Electric*, and *Liberty Lobby*.  As the moving party, Lakeview must identify "those portions of 'the

---

[3] While recognizing that Bankruptcy Rule 3007(b) forbids combining arguments against a creditor's claims with most other requests for relief, the court nevertheless permitted the Debtors to seek damages under § 362(k) in this contested matter (rather than insisting on the formality of an adversary proceeding) because contempt proceedings are contested matters under Bankruptcy Rule 9014, rather than adversary proceedings under Bankruptcy Rule 7001.  Fed. R. Bankr. P. 9020.

pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The Debtors, as the nonmoving party, must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact requiring trial. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The court must also keep the parties' respective trial burdens in mind.

In ruling on a summary judgment motion, the court accepts as true the non-moving party's evidence, draws all legitimate inferences in favor of the non-moving party, and does not weigh the evidence or credibility of witnesses. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). This paradigm is familiar and easily applied in this case.

As Lakeview notes, in their answers to interrogatories (Second Motion at Exh. C), the Debtors reveal that many of their allegations predate their bankruptcy filing on November 8, 2022 (and therefore, the imposition of the automatic stay). These allegations, as a matter of law, cannot form the basis of any contempt finding or damages under § 362(k).

The remaining allegations of post-petition activity, according to the Debtors' interrogatory response, occurred during a telephone call on April 5, 2024, when a representative from Loancare allegedly threatened foreclosure. The Debtors also complain about their creditor's post-petition reporting of mortgage arrears to credit agencies. Neither allegation warrants relief.

The Motion includes a transcription of the allegedly offending April 5, 2024 telephone call between the Debtors and an employee of Loancare. *See* Second Motion at Exh. B (hereinafter "Tr."). Lakeview asserts that the call (which Amy Cozart-Lundin initiated) did not evince any violation of the automatic stay or any other misconduct. As Lakeview properly observes, "[n]ot all communications from a creditor to a debtor are prohibited" when an automatic stay is in place. Second Motion at 7.

Indeed, the creditor's communications with the Debtors, as reflected in the admittedly herky-jerky transcription, were typical and in no way suggest harassment or threats of collection. For example, the transcription shows the parties attempted clarifying the arrearage amount. Tr. at 19, 08:27 mark. The Loancare representative even mentions the need "to have specific authorization from the attorney … because … we could be sued" (*id.* at 22, 17:07 mark), showing her reservation in speaking to clients without counsel currently in bankruptcy. The transcription

-- a business record made in the ordinary course of business according to the Steven Scott affidavit -- shows no improper contact or conduct in contempt of the automatic stay.

The Debtors argue that Lakeview's transcription is incomplete, yet they offer nothing in the form of evidence to meet their burden of proof as the party seeking to hold Lakeview in contempt.  Lakeview's submissions, including the affidavit, interrogatory responses, and transcription, met its summary judgment burden of demonstrating the absence of a factual dispute regarding the supposed threats of collection or foreclosure. There is no point in conducting a trial on this score.

The Debtors also complain that Lakeview violated the automatic stay by continuing to report arrears to the credit reporting agencies post-petition, yet case law cited in the Second Motion rejects the notion that informational reporting, without more, invariably offends the automatic stay. *See In re Porcoro*, 565 B.R. 314, 326 (Bankr. D.N.J. 2017) (mere truthful reporting of a debtor's credit information post-petition but pre-discharge is not a violation of the automatic stay); *cf. In re Juliao*, No. 07-48694-WSD, 2011 WL 6812542, at *6 (Bankr. E.D. Mich. Nov. 29, 2011) (merely reporting debt to credit reporting agency, without more, does not establish violation of co-debtor stay); *In re Irby*, 337 B.R. 293, 296 (Bankr. N.D. Ohio 2005) (the reporting of the debt will not likely run afoul with the discharge injunction unless it is also coupled with other actions undertaken by the creditor to collect or recover on the debt).  The Debtors offer no countervailing authority against these cases (which the court regards as persuasive) or evidence of improper collection activity.  Congress intended to forbid harassment, not perfunctory credit reporting.

The court finds that the Debtors' mere allegation of post-petition credit reporting, without more, does not warrant relief.  The record simply does not support a finding of contempt premised on flouting the automatic stay.

## IV.     CONCLUSION & ORDER

Today's decision resolves against the Debtors the last of the issues they raised in their Objection, and the court regards it as a final, appealable order in this contested matter.  Fed. R. Civ. P. 54(b) (applicable in this contested matter per Fed. R. Bankr. P. 9014(c)); 28 U.S.C. § 158. Whether or to what extent the court's decisions in this contested matter have issue preclusive effect the Debtors' other proceedings against Lakeview present questions for the court in those other proceedings.  For now, it will suffice to (1) uphold Lakeview's proof of claim against the Debtors'

Objection (ECF Nos. 111 & 121) and (2) deny the Debtors any relief on account of their allegations regarding the automatic stay.

NOW, THEREFORE, IT IS HEREBY ORDERED that the Second Motion (ECF No. 127) is GRANTED, and the Objection (ECF No. 90) is OVERRULED in all respects.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Memorandum of Decision and Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon the Debtors (by first class U.S. Mail), Matthew R. Reinhardt, Esq., Barbara P. Foley, Esq., the United States Trustee, and all entities requesting notice of these proceedings.

END OF ORDER

**IT IS SO ORDERED.**

**Dated January 10, 2025**



Scott W. Dales
United States Bankruptcy Judge